**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **KRISTIN L. MARTINEZ,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:08-cv-898-PMW** |
| **MICHAEL J. ASTRUE,** **Commissioner of Social Security,** | |
| **Defendant.** | **Magistrate Judge Paul M. Warner** |

Before the court is Kristin L. Martinez's ("Plaintiff") appeal of Michael J. Astrue's (the

"Commissioner") final decision denying Plaintiff's claims for Disability Insurance Benefits

("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental

Security Income ("SSI") under Title XVI of the Social Security Act, *see id*. §§ 1381-1383f.  After

careful consideration of the written briefs and the complete record, the court has determined that

oral argument is unnecessary in this case.

**BACKGROUND**

On May 30, 2007, Plaintiff applied for DIB and SSI, alleging disability beginning on July

19, 2006, due to depression, bipolar disorder, anxiety, migraine headaches, and sciatica.[1]

Plaintiff's application was denied initially in September 2007, and upon reconsideration in

---

[1]  *See* docket no. 14, Administrative Record ("Tr. ____"), 173-182.

November 2007.[2]  In January 2008, Plaintiff requested a hearing before an Administrative Law

Judge ("ALJ"),[3] and that hearing was held on April 22, 2008.[4]  On July 22, 2008, the ALJ issued

a written decision denying Plaintiff's claims.[5]  In September 2008, the Appeals Council denied

Plaintiff's request for review,[6] making the ALJ's decision the Commissioner's final decision for

purposes of judicial review.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981,

416.1481.

On November 19, 2008, Plaintiff filed her complaint in this case, which was assigned to

District Judge Ted Stewart.[7]  Thereafter, in response to a court order,[8] both parties consented to

have a Magistrate Judge conduct all proceedings in the case, including entry of final judgment,

with appeal to the United States Court of Appeals for the Tenth Circuit.[9]  Consequently, the case

was reassigned to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(c) and rule 73

of the Federal Rules of Civil Procedure.[10]

---

[2]  *See* Tr. 82-83, 87-90, 93-95.

[3]  *See* Tr. 96-97.

[4]  *See* Tr. 28-80.

[5]  *See* Tr. 7-23.

[6]  *See* Tr. 1-3, 6.

[7]  *See* docket no. 2.

[8]  *See* docket no. 10.

[9]  *See* docket nos. 11-12.

[10]  *See id*.

On January 26, 2008, the Commissioner filed his answer to Plaintiff's complaint,[11] and

the court received the Administrative Record the same day.[12]  Plaintiff filed her opening brief on

February 27, 2009.[13]  The Commissioner filed his responsive brief on April 3, 2009.[14]  Plaintiff

filed her reply brief on April 20, 2009.[15]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual

findings are supported by substantial evidence in the record and whether the correct legal

standards were applied."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and

citation omitted).  The Commissioner's findings, "if supported by substantial evidence, shall be

conclusive."  42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.  It requires more than a

scintilla, but less than a preponderance."  *Lax*, 489 F.3d at 1084 (quotations and citation

omitted).  "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor

substitute [its] judgment for that of the [ALJ]."  *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th

Cir. 2006) (quotations and citation omitted).  "The failure to apply the correct legal standard or to

provide this court with a sufficient basis to determine that appropriate legal principles have been

---

[11]  *See* docket no. 7.

[12]  *See* docket no. 14.

[13]  *See* docket no. 13.

[14]  *See* docket no. 18.

[15]  *See* docket no. 19.

followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past

4

relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751.  If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*.  At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## ANALYSIS

In support of her claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred (1) in his evaluation of the opinion evidence, (2) by failing to fully and fairly develop the record with respect to Plaintiff's mental impairments, and (3) in his evaluation of Plaintiff's credibility.  The court will address each of those arguments in turn.

### I.  Opinion Evidence

Plaintiff argues that the ALJ erred in evaluating the opinion of two of Plaintiff's treating physicians, Dr. Deborah Bentley and Dr. Michael F. Coudreaut, as well as the opinion of one of Plaintiff's other treating sources, Mr. Brad Workman.

## A.  Treating Physicians

The opinions of Plaintiff's treating physicians are entitled to controlling weight if they are well supported and are not inconsistent with other substantial evidence in the record.  *See McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002); *see also* 20 C.F.R. §§ 404.1527(d), 416.927(d).  At the same time, however, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies.  *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).  If an ALJ chooses to reject the opinion of a treating physician, he or she must provide "specific, legitimate reasons" for doing so.  *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987) (quotations and citation omitted).

### 1.  Dr. Bentley

In September 2007, Dr. Bentley issued a psychological evaluation of Plaintiff, which is included in the record.[16]  Plaintiff's asserts that the ALJ essentially ignored the great majority of that evaluation, which included Dr. Bentley's opinion that Plaintiff had attention deficit hyperactivity disorder ("ADHD").  For the following reasons, the court disagrees.

First, as noted by the Commissioner, the fact that the ALJ did not discuss every factor set forth in the relevant regulations, *see* 20 C.F.R. §§ 404.1527(d), 416.927(d), "does not prevent this court from according his decision meaningful review."  *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).  In this case, as part of the assessment of Plaintiff's credibility, the ALJ specifically referenced a portion of Dr. Bentley's evaluation in which she indicated that

---

[16]  *See* Tr. 400-410.

Plaintiff's personality and mood testing had "questionable validity" because she believed Plaintiff had exaggerated her symptoms.[17]  This, together with the ALJ's reliance upon the overall lack of medical evidence to support the alleged severity of Plaintiff's symptoms, "satisfies the requirement that the ALJ's decision be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."  *Id*. (quotations and citations omitted).

Second, Plaintiff has failed to persuade the court that the ALJ did not account for all of Plaintiff's mental impairments, including those identified by Dr. Bentley, in determining Plaintiff's RFC.  Plaintiff asserts that the ALJ essentially ignored Dr. Bentley's evaluation because the ALJ did not include limitations in Plaintiff's RFC for every one of Dr. Bentley's recommendations.  That argument is without merit.  As noted above, the ALJ provided adequate reasoning for the weight given to Dr. Bentley's opinions.  Consequently, the ALJ was not required incorporate every one of Dr. Bentley's recommendations into Plaintiff's RFC or make specific reference to them.  Further, Plaintiff has failed to demonstrate how the ALJ's RFC assessment fails to account for those recommendations.  To the contrary, based upon the court's review of the ALJ's decision, it appears that the ALJ did in fact account for all of Plaintiff's mental impairments in determining Plaintiff's RFC.

---

[17]  Tr. 410.

7

## 2. Dr. Coudreaut

When addressing Dr. Coudreaut's opinions, the ALJ indicated that he considered those opinions and gave them little weight because they consisted mainly of global assessment of functioning ("GAF") scores. More specifically, the ALJ stated that he gave "considerably less weight to a specific GAF score than to the bulk of other, more convincing evidence."[18] The ALJ also noted that GAF scores are subject to variance depending upon when and by whom they are administered. In addition, the ALJ cited authority for the proposition that GAF scores were not designed for adjudicative determinations.

Plaintiff argues that the ALJ did not give appropriate weight to the opinions of Dr. Coudreaut. In essence, Plaintiff argues that the ALJ rejected Dr. Coudreaut's opinion because he did not discuss all of the specifics contained in Dr. Coudreaut's treatment notes. Those arguments fail.

Contrary to Plaintiff's assertion, the ALJ did not reject Dr. Coudreaut's opinions but instead accorded them less weight than other, more convincing evidence. In addition, the ALJ provided "specific, legitimate reasons" for the weight he chose to give Dr. Coudreaut's opinions. *Frey*, 816 F.2d at 513 (quotations and citation omitted). Again, the fact that the ALJ did not discuss every factor set forth in the relevant regulations, *see* 20 C.F.R. §§ 404.1527(d), 416.927(d), "does not prevent this court from according his decision meaningful review." *Oldham*, 509 F.3d at 1258.

---

[18] Tr. at 20.

### B.  Other Treating Sources

Pursuant to Social Security Ruling ("SSR") 06-03p, the factors for evaluating the opinions of treating physicians apply with equal weight to the opinions of treating sources who are not acceptable medical sources.  *See* SSR 06-03p; *see also* 20 C.F.R. §§ 404.1527(d), 416.927(d).  However, not every factor will apply in every case in which there is opinion evidence form a treating source that is not an acceptable medical source.  *See* SSR. 06-03p.  In addition, whether a treating source is or is not an acceptable medical source is a factor to be considered in the weight given to opinion evidence from a particular treating source.  *See id.*

### 1.  Mr. Workman

In considering Mr. Workman's opinions, the ALJ indicated that none of Mr. Workman's treatment notes contained any observations that would tend to support his opinions.  The ALJ also noted that Mr. Workman offered no explanation for his extremely restrictive opinions and failed to reference any objective evidence in support of his opinions.  Finally, the ALJ noted that Mr. Workman was not an acceptable medical source.  For those reasons, the ALJ gave Mr. Workman's opinions little weight.

Plaintiff argues that the ALJ erred in giving Mr. Workman's opinions little weight.  However, as indicated above, the ALJ included specific, legitimate reasons for the weight he accorded Mr. Workman's opinions.  *See Frey*, 816 F.2d at 513.  In reaching that conclusion, the ALJ properly relied upon the fact that Mr. Workman's opinions were not supported by his treatment notes.  *See* 20 C.F.R. §§ 404.1527(d)(3); 416.927(d)(3).  The ALJ also properly relied upon Mr. Workman's failure to provide any explanation for his extremely restrictive opinions or

reference any objective evidence in support of his opinions.  *See* 20 C.F.R. §§ 404.1527(d)(3);

416.927(d)(3).  Finally, the ALJ appropriately relied upon the fact that Mr. Workman was not an

acceptable medical source.  *See* SSR 06-03p.

### C.  Weight Accorded to Opinion Evidence

As a final matter with respect to each of the foregoing arguments, the court notes that

Plaintiff has attempted, to one degree or another, to minimize the evidence supporting the ALJ's

conclusions and emphasize the weight of the evidence that favors her position.  Those attempts to

argue the weight of the evidence are futile because it is not this court's role to reweigh the

evidence before the ALJ.  *See Madrid*, 447 F.3d at 790.  Indeed, it is the ALJ's role is to weigh

and resolve evidentiary conflicts and inconsistencies.  *See, e.g.*, *Rutledge*, 230 F.3d at 1174;

*Eggleston*, 851 F.2d at 1247.  From an evidentiary standpoint, the only issue relevant to the court

is whether substantial evidence exists in the record to support the ALJ's conclusions.  *See*

*Oldham*, 509 F.3d at 1257 (providing that the court reviewing the ALJ's decision reviews "only

the sufficiency of the evidence, not its weight" (emphasis omitted)).

For all of the foregoing reasons, the court concludes that the ALJ did not err in his

evaluation of the opinion evidence in this case.

### II.  Development of the Record

Plaintiff argues that the ALJ failed to fully and fairly develop the record with respect to

either Plaintiff's ADHD or whether Plaintiff met the requirements of section 12.04 ("listing

12.04") and section 12.06 ("listing 12.06") of Appendix 1 of the relevant regulations

(individually, a "listing" and collectively, the "listings").  *See* 20 C.F.R. § 404, Subpart P,

Appendix 1, listings 12.04 (affective disorders), 12.06 (anxiety related disorders); *see also* 20

C.F.R. §§ 404.1525, 416.925.

"Although a claimant has the burden of providing medical evidence proving disability,

the ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues.

This duty exists even when the claimant is represented by counsel." *Baca v. Dep't of Health &*

*Human Servs.*, 5 F.3d 476, 479-80 (10th Cir. 1993) (citations omitted). The ALJ's development

of the record is adjudged against a "standard . . . of reasonable good judgment" and is limited to

issues that are material. *Hawkins v. Chater*, 113 F.3d 1162, 1168 (10th Cir. 1997); *see also*

*Baca*, 5 F.3d at 479-80.

### A. ADHD

Plaintiff first asserts that the ALJ failed to adequately develop the record with respect to

her ADHD. The court disagrees. The only record evidence of ADHD that Plaintiff has identified

is the evaluation completed by Dr. Bentley, and the court has already concluded that the ALJ did

not err in his treatment of Dr. Bentley's opinions. Moreover, Plaintiff has failed to persuade the

court that the ALJ failed to account for her ADHD in determining her RFC. As the court noted

above, it appears that the ALJ's RFC assessment did in fact account for all of Plaintiff's mental

impairments, including her ADHD. Accordingly, even if Plaintiff had been able to persuade the

court that the ALJ committed an error by failing to develop the record with respect to her ADHD,

the court would conclude that any such error was harmless. *See, e.g.*, *Fischer-Ross v. Barnhart*,

431 F.3d 729, 733-34 (10th Cir. 2005) (recognizing applicability of harmless error analysis in

Social Security context).

Finally, as the Commissioner has noted, Plaintiff never raised ADHD as a disabling impairment either in her application or at the hearing before the ALJ. *See Wall v. Astrue*, 561 F.3d 1048, 1062 (10th Cir. 2009) ("In a social security disability case, the claimant bears the burden to prove her disability." (quotations and citation omitted)). Consequently, the court cannot conclude that the ALJ erred in developing the record with respect to Plaintiff's ADHD. *See Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360-61 (10th Cir. 1993) ("The ALJ has a basic obligation in every social security case to ensure that an adequate record is developed during the disability hearing *consistent with the issues raised*. (emphasis added)); *see also Wall*, 561 F.3d at 1062.

## B.  Listings 12.04 and 12.06

Plaintiff also argues that the ALJ failed to fully and fairly develop the record with respect to whether she met the requirements of listings 12.04 and 12.06. In the ALJ's decision, he set forth the requirements for listing 12.04 and listing 12.06. After discussing and citing the record evidence upon which he relied, the ALJ concluded that Plaintiff did not meet or equal either listing 12.04 or listing 12.06. Later in his decision, the ALJ noted that the record contained two forms authored by an unknown source that indicated Plaintiff met the requirements of both listing 12.04 and listing 12.06. However, the ALJ noted that because those forms were unsigned and undated, he could not determine the author's credentials, the author's treatment relationship with Plaintiff, or the time period to which the forms applied. Accordingly, the ALJ concluded that the forms were entitled to no weight.

Plaintiff now argues that the ALJ erred by failing to develop the record further with respect to those two forms.  Plaintiff asserts that because her counsel identified Mr. Workman as the author of the forms during the hearing before the ALJ, "[t]he fact that the[] documents were the opinion of [Mr.] Workman was clearly established."[19]  Plaintiff contends that although "the ALJ could have resolved this issue with a simple phone call," he erred by making "no attempt to re-contact any provider to get the forms signed."[20]

Plaintiff's arguments are without merit.  While the court recognizes that the ALJ has a duty to fully and fairly develop the record, the court does not believe that duty includes completing forms on Plaintiff's behalf, particularly when it is Plaintiff's burden to prove disability under the listings.  *See, e.g.*, *Wall*, 561 F.3d at 1062.  Further, the court has already concluded that the ALJ did not err in according little weight to the opinions of the alleged author of the unsigned forms, Mr. Workman.  That fact, coupled with the ALJ's reliance upon sufficient and substantial record evidence in support of his conclusion that Plaintiff did not meet or equal either listing 12.04 or listing 12.06, leads the court to the conclusion that the ALJ did not err by failing to further develop the record with respect to those listings.  Finally, and as the court has noted several times, Plaintiff has failed to persuade the court that the ALJ did not account for all of Plaintiff's mental impairments in his assessment of Plaintiff's RFC.  *See, e.g.*, *Fischer-Ross*,

---

[19]  Docket no. 19 at 4.

[20]  Docket no. 13 at 8.

431 F.3d at 734-35 (concluding that the ALJ's findings at steps four and five rendered harmless any deficiency in the ALJ's step three determination).

Based on the foregoing, the court concludes that the ALJ did not err in his development of the record concerning Plaintiff's mental impairments.

### III.  Credibility

Plaintiff argues that the ALJ erred in his credibility determination.  In general, "[c]redibility determinations are peculiarly the province of the finder of fact, and [this court] will not upset such determinations when supported by substantial evidence."  *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotations and citation omitted).  Although credibility determinations "should be closely and affirmatively linked to substantial evidence," *id.* (quotations and citation omitted), they "do[] not require a formalistic factor-by-factor recitation of the evidence."  *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

SSR 96-7p clarifies the standards an ALJ must apply when evaluating the credibility of an individual's statements, including his or her allegations of pain.  *See* SSR 96-7p.  In addition to the objective medical evidence, an ALJ should consider the following factors when assessing the credibility of an individual's statements:

1. The individual's daily activities;
2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

14

      6.      Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

      7.      Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*Id.*; *see* 20 C.F.R. §§ 404.1529(c), 416.929(c); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993).

Plaintiff spends the bulk of her argument rearguing the evidence before the ALJ with respect to Plaintiff's migraine headaches.  As the court has indicated, rearguing the weight of the evidence is a futile tactic in ths case because it is the role of the ALJ, not this court, to weigh and resolve evidentiary conflicts and inconsistencies.  *See, e.g.*, *Madrid*, 447 F.3d at 790; *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247.  That notwithstanding, based on a review of the evidence relied upon by the ALJ in reaching his credibility determination, the court concludes that the ALJ did not, as Plaintiff has asserted, "completely mischaracterize[] the records cited."[21] Quite the opposite, the court has determined that the cited portions of the record constitute sufficient and substantial evidence in support of the ALJ's conclusion with respect to Plaintiff's migraine headaches.  *See Oldham*, 509 F.3d at 1257 (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)).

Further, the ALJ considered proper factors in reaching his determination that, overall, Plaintiff's testimony was not credible.  First, the ALJ properly relied upon the lack of objective

---

[21]  Docket no. 13 at 15.

medical evidence to support Plaintiff's allegations about her physical symptoms.[22]  *See* 20 C.F.R.
§§ 404.1529(c)(2), 416.929(c)(2); SSR 96-7p; *see also Thompson*, 987 F.2d at 1488-89.  Second,
the ALJ properly relied upon the following factors set forth in SSR 96-7p:  the ALJ's observation
of Plaintiff during the administrative hearing; the inconsistency between Plaintiff's prior
statements and her testimony at the hearing; Plaintiff's daily activities; and the medication, or
lack thereof, Plaintiff was taking to alleviate pain and other symptoms.[23]  *See* SSR 96-7p; *see
also Thompson*, 987 F.2d at 1488-89; 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

Because the court concludes that the ALJ articulated sufficient reasoning and relied upon
proper factors in reaching his credibility determination, the court will not disturb it.

<u>**CONCLUSION AND ORDER**</u>

The court concludes that all of Plaintiff's arguments fail.  Accordingly, **IT IS HEREBY
ORDERED** that the Commissioner's decision in this case is **AFFIRMED** in all respects.

**IT IS SO ORDERED**.

DATED this 2nd day of October, 2009.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[22]  *See* Tr. 10.

[23]  *See* Tr. 10-11.